UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves, Fannie Melette, Michael Small, David Fraizer, Lamar Melette, Betty Davis, Lewan Melette, Patricia Bennett, Joseph Bennett, Bobby G. Snowen, Franklin M. Snowen, Kenakenoa N. Godboat, Patricia Burnson, McArther Brunson, Zuynetra Brunson, McRoy Barr, Marshall Rainey, Willie Johnson, Jerry Mason, and All Other Similarly Situated, <br><br>　　　　　　　　　　Plaintiffs, <br><br>　　　-vs- <br><br>South Carolina Democratic Party; South Carolina Election Commission; Dillon County Election Commission; Marlboro County Election Commission; Marion County Election Commission; The State of South Carolina, Florence County Election Commission, <br><br>　　　　　　　　　　Defendants. | Civil Action No. 4:04-2047-25BH <br><br><br><br><br><br><br><br><br><br><br><br>REPORT AND RECOMMENDATION |

This matter is before the court[1] on several outstanding motions.

<u>Motions to Stay Pending Appeal to the Fourth Circuit (Documents # 72 and # 80)</u>

Plaintiffs filed a Motion to Stay Pending Appeal of Constitutional Question in This Action (Document # 72) and Emergency Motion For Stay Pending Expedited Appeal In Reaves Et Al vs.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because dispositive motions are involved, a report and recommendation is entered for review by the district judge.

S.C. Democratic Party Et Al (Document # 80). The plaintiffs' appeal to the Fourth Circuit was dismissed by *per curiam* opinion filed July 21, 2006. See Document #113. Accordingly, plaintiffs' motions to stay are moot.

Motion for a Three Judge Court (Document # 70)

Plaintiff filed a letter requesting that a three-judge panel be appointed to hear this matter. The letter was documented as a motion (Document # 24) and was denied by order filed September 14, 2005 (Document # 58). The instant motion is repetitive and redundant and a decision previously was rendered. The motion should be denied as repetitive and redundant and for the reasons previously set forth.

Documents # 77, # 78 and # 79

In these three motions, plaintiffs' assert "[t]his is a nonfrivolous notice of appeal following a district court's action . . ." and "[t]his is a nonfrivolous notice of appeal following a district court's failure to rule on . . ." In these motions, plaintiffs are challenging the actions of this court and it is obvious that the motions[2] for injunctive relief were intended to be filed in the Fourth Circuit Court of Appeals. Therefore, it is recommended that these three motions be dismissed from this court's docket and plaintiffs should be advised to file the motions in the Fourth Circuit if they wish to appeal an action by this court.

Documents # 90 and #91: Defendants' Motion to Dismiss

Defendants, South Carolina Democratic Party, State of South Carolina, and South Carolina Election Commission, filed these motions seeking dismissal of plaintiffs' action pursuant to Rule

---

[2] The motions seek injunctive relief, including reinstatement of persons previously elected, setting aside the elections, and a ruling rendering null and void all acts of those persons elected.

-2-

41(b) and Rule 37(b)(2), Fed.R.Civ.P.  No response has been filed by the plaintiffs.  Because the plaintiffs are proceeding *pro se*, they were advised on or about February 14, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond[3] to the defendants' motion could result in dismissal of their case.

Defendants seek dismissal of this case for plaintiffs failure to participate in the discovery process and for failure to abide by orders of this court.

These defendants filed motions in May and June 2005 to compel responses to defendants' first set of discovery.  After the plaintiffs failed to respond, the undersigned issued an order on September 14, 2005, ordering the plaintiffs to respond to the discovery request within twenty (20) days of the date of the order.  In the order, the plaintiffs were advised of the potential consequences of plaintiff's failure to abide by a court order and to cooperate in discovery.  After motion and hearing on January 4, 2006, a second order compelling responses to both defendants' first set and second set of discovery was filed on January 6, 2006 (Document # 84).  At the hearing held January 4, 2006, the undersigned explained to the plaintiffs present the importance of complying with court orders and abiding by the rules of discovery.  In part and in bold, the order of January 6, 2006, reads as follows:

> plaintiffs are to respond to the first set of Interrogatories and Requests to Produce dated April 7, 2005, and the second set of Interrogatories dated July 25, 2005, within ten (10) days of the date of this order.  As instructed at the hearing, each plaintiff is to respond to his or her own discovery requests individually and in accordance with the Federal Rules of Civil Procedure. Plaintiffs have been advised that failure to cooperate in the discovery process and to abide by a court order may result in sanctions, including dismissal of their case.

---

[3] The order states that for failure "to respond adequately, the motion may be granted, thereby ending the case.

The undersigned also addressed defendants' motion for sanctions at the hearing held January 4, 2006. The undersigned gave each plaintiff appearing at the hearing[4] an opportunity to explain why he or she had not complied with the discovery requests and court order. Each plaintiff indicated a lack of understanding of the discovery process. After explaining the importance of abiding by the rules of court, the undersigned denied the motion for sanctions and reiterated the ten-day response time and emphasized that each should individually respond to the discovery request and comply with the Federal Rules of Civil Procedure. Also, the undersigned again advised the plaintiffs that failure to abide by court orders and to cooperate in the discovery process could result in sanction, including dismissal of their case.

Defendants filed a motion for summary judgment on August 24, 2006, addressing the merits of plaintiffs' claims. In the motion for summary judgment, defendants reference the motions to dismiss. The time for plaintiffs to respond to the motion for summary judgment has not expired. Therefore, it is recommended that the motions to dismiss be denied at this time with the court reserving the right to address the merits of the motions to dismiss together with the motion for summary judgment.

For the foregoing reasons, it is recommended that:

(1) Plaintiffs' motions to stay (Documents # 72 and # 80) be denied as moot;

(2) Plaintiffs' motion for appointment of a three-judge panel (Document # 70) be denied as redundant and repetitive;

(3) Plaintiffs' motions (Documents # 77, # 78, and # 79) be dismissed and plaintiffs' advised

---

[4] The only plaintiffs to appear at the hearing of January 4, 2006, were Reverend Franklin Reaves, Fannie Mellette, Betty Davis, Patricia Bennett and Jerry Mason.

that appeal from an order of the district court should be filed in the Fourth Circuit Court of Appeals if they intend to appeal an order of this court; and

(4) Defendants' motions to dismiss (Document # 90 and # 91) be denied at this time with the court reserving the right to reconsider the motions upon addressing the merits of this action under Rule 56.

August 28, 2006					s/Thomas E. Rogers, III
Florence, South Carolina				Thomas E. Rogers, III
							United States Magistrate Judge

**The parties' attention is directed to the notice contained on the following page(s).**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
