IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Reverend Franklin C. Reaves, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:04-2047 |
| | ) | |
| South Carolina Democratic Party, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

Plaintiffs Reverend Franklin C. Reaves, et al., ("Plaintiffs") filed the instant *pro se* action on June 25, 2004, against Defendants South Carolina Democratic Party, et al., ("Defendants"). (Doc. #1). On August 24, 2006, the Defendants filed the pending motion for summary judgment. (Doc. #114). As the Plaintiffs are proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 24, 2006, advising the Plaintiffs of the importance of a motion for summary judgment. (Doc. #115). The Order stated specifically that the Plaintiffs had thirty-four days to respond to the pending motion and that failure to respond adequately may result in the pending motion being granted, thereby ending this case. Id. The Order continued, "[c]areful attention should be given to the requirements of Rule 56(e) concerning the necessity for affidavits . . . to be based upon personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matter contained in the affidavit if he or she was called to the witness stand . . . . submission of a brief . . . will not be sufficient alone to withstand a properly supported motion for summary judgment." Id. To date, the Plaintiffs have

1

filed no response to the Defendants' pending motion for summary judgment.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on February 23, 2007 by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #157). In the Report, Magistrate Judge Rogers writes that "[i]n light of Plaintiffs' continuous and flagrant disregard for the authority of this Court [as set forth in the Report] and pursuant to Rules 37(b) and 41(b), Fed. R. Civ. P., it is recommended that Defendants' motion for summary judgment be granted, Plaintiffs' case be dismissed in its entirety and all pending motions be rendered moot." Id. In the Report, Magistrate Judge Rogers also recommends the Defendants' motion for summary judgment be granted on the merits as well. Id. The Plaintiffs filed objections to the Report on March 13, 2007. (Doc. #159).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report, the objections thereto, and the relevant memoranda filed in this case, the Court elects to accept the Report. (Doc. #157). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Defendants' motion for summary judgment is **GRANTED**. (Doc. #114).

Accordingly, this action is dismissed and all pending motions are hereby rendered moot.

**IT IS SO ORDERED**.

S/ Terry L. Wooten

Terry L. Wooten
United States District Judge

March 21, 2007
Florence, South Carolina

3